**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**GERRICK GAMBRELL,**

        **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　　　**Civil Action No. 2:11cv106**
　　　　　　　　　　　　　　　　　　　　　　　　**(Judge Bailey)**

**WARDEN KUMA J. DEBOO,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On December 27, 2011, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. On February 10, 2012, he paid the $5.00 filing fee in lieu of submitting an application to proceed *in forma pauperis*. Accordingly, this case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 2.

### II. PETITION

In the petition, the petitioner, a federal inmate, complains that in May of 2010, he began experiencing severe pain in his right knee that has made walking extremely difficult. The plaintiff further maintains that since July of 2010, physical examinations have evidenced chronic swelling in the "pouch" above his kneecap. The plaintiff maintains that "various treatments, including oral steroid therapy, elevation of the knee, education regarding proper exercises to perform, aspiration of the fluid from the knee, and applying an ace bandage have proven ineffective." (Doc. 1-1, p. 1). The plaintiff complains that the medical department refuses to acknowledge that addressing the symptoms is a far cry from providing reasonably available reparative/curative treatment. (Doc. 1-1,

p. 1-2). The plaintiff maintains that his condition, having been left untreated, continues to cause needless pain. Moreover, his practice of shifting most of his body weight to his left leg, in order to avoid aggravating his right knee, has caused him to experience problems with his left knee. For relief, the petitioner seeks an order from the court directing the BOP to provide him reparative/curative treatment or release him so that he may secure the same himself.

### III. ANALYSIS

A section 2241 petition is used to attack the manner in which the sentence is executed. See 28 U.S.C. § 2241. More specifically, a section 2241 petition is appropriate where a prisoner challenges the fact or duration of his confinement but not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973).

Here, the petitioner complains about the conditions of his confinement. Specifically, his claim relates to alleged indifference to his medical condition. This claim is not an attack on, nor is it related in any way to, the execution of the petitioner's sentence. Thus, it is clear that the petitioner's claims regarding the conditions of his confinement should have been raised pursuant to a civil rights complaint. Preiser, 411 U.S. at 499-500 (a civil rights action is the proper remedy for a prisoner challenging the conditions of his prison life); see also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

### IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the petitioner's § 2241 petition (Doc. 1) be **DENIED and DISMISSED** without prejudice to his right to file his

claims as a civil rights action.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** February 13, 2012

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE